IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-01321-CYC

MICHAEL RYAN TATUM, et al.

    Plaintiffs,

v.

KINZIE ADVANCED POLYMERS LLC d/b/a GROVE BAGS,

    Defendant.

**DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags ("Defendant"), by and through counsel, hereby respectfully moves this Court to dismiss the Verified First Amended Complaint and Jury Demand (the "Complaint") filed by Plaintiffs Michael Ryan Tatum ("Tatum"), Calyx Containers, LLC ("Calyx"), Chaz Hermanowski ("Hermanowski"), and Jacob Torrison ("Torrison") (Tatum, Calyx, Hermanowski, and Torrison are collectively, "Plaintiffs") for lack of subject-matter jurisdiction.

**CERTIFICATE OF CONFERRAL**

Conferral has occurred via a telephone conversation. This motion is opposed.

**MOTION**

**I.    INTRODUCTION**

The captioned-lawsuit has the same parties, facts and claims as two lawsuits pending in the United States District Court for the Northern District of Ohio. One of the two lawsuits, Case No.

1:24-cv-01887-SO, has been pending since October 29, 2024. All three factors under the Tenth Circuit's first-to-file rule apply to this matter. *Wakaya Perfection, LLC v. Youngevity International, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Accordingly, this Court lacks jurisdiction and this matter should be dismissed without prejudice.

Plaintiff Michael Ryan Tatum ("Tatum") is a former management employee of Defendant Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags"). Grove Bags is an Ohio based entity that first contracted with Tatum as a consultant and then employed Tatum pursuant to three separate employment agreements. Finally, when the relationship ended, Grove Bags paid Tatum a severance pursuant to a severance agreement. All five contracts between Tatum and Grove Bags provided Ohio law as controlling and courts in Cuyahoga County, Ohio as the exclusive jurisdiction over any claims arising out of the agreements.

In October 2024, Grove Bags learned that Tatum was providing services to Grove Bags' director competitor, Calyx Containers, LLC ("Calyx"). Grove Bags filed a lawsuit on October 29, 2024, in the United States District Court for the Northern District of Ohio, Case No. 1:24-cv-01887-SO, that seeks to enforce Tatum's contractual obligations with Grove Bags. An injunction hearing has been held, discovery has begun, and the Parties are awaiting the court's decision on the injunction and motions to dismiss filed by Tatum and Calyx.

Due to the fact that Tatum and Calyx violated Ohio law, they have now (after the Ohio matter was filed) sought to escape liability by soliciting two of the employees who Tatum managed while employed by Grove Bags, Chaz Hermanowski ("Hermanowski") and Jacob Torrison ("Torrison") (Tatum, Calyx, Hermanowski and Torrison are collectively, "Plaintiffs"). Tatum managed Hermanowski and Torrison and required both of these former Grove Bags employees to

sign the same employment agreements that Tatum signed as a condition of employment with Grove Bags. During the injunction hearing, Tatum revealed that Hermanowski and Torrison, despite leaving Grove Bags years ago, have been recruited by Calyx and Tatum to assist Calyx and Tatum in their Ohio litigation. A second lawsuit was filed against Hermanowski and Torrison in the United States District Court for the Northern District of Ohio, Case No. 1:25-cv-01217-CEF, and it remains pending.

All three factors under the Tenth Circuit's first-to-file rule apply to this matter. *Wakaya Perfection, LLC v. Youngevity International, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Specifically, the Ohio lawsuits were filed first, the parties involved in the lawsuits are identical, and the issues and claims at issue are identical. *Id.* Accordingly, based on the Declaration of Daniel Jaffe and clear Tenth Circuit law, this Court lacks jurisdiction over the captioned-complaint and it should be dismissed without prejudice. *Rasmussen v. Burnett*, Case No. 24-cv-01727-SKC-KAS, 2025 WL 605250 *5 (D. Col. Feb. 25, 2025); *Holt v. US*, 46 F.3d 1000, 1003 (10th Cir. 1995).

## II.     STANDARD OF REVIEW AND APPLICABLE TEST

### A.     Standard Of Review.

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case." *Bogard v. Hutchings*, Case No. 12–cv–01581–KMT, 2014 WL 959496 *2 (D. Col. March 12, 2014). If Defendant's motion is granted, the "dismissal is without prejudice." *Id.*

This Motion is "a facial attack on the complaint's allegations as to subject matter

jurisdiction. . . ." *Holt v. US*, 46 F.3d 1000, 1002 (10th Cir. 1995).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  "[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt*, 46 F.3d at 1003.  "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.*  Finally, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

      **B.** **This Court Lacks Subject-Matter Jurisdiction Over this Lawsuit Based on the First-to-File Rule.**

This Court lacks subject-matter jurisdiction over Plaintiffs' Complaint under Rule 12(b)(1) because the allegations in Plaintiffs' Complaint substantially overlap with the claims and issues in the two Ohio lawsuits that were first filed by Defendant. *Rasmussen v. Burnett*, Case No. 24-cv-01727-SKC-KAS, 2025 WL 605250 *5 (D. Col. Feb. 25, 2025).  The first-to-file rule provides that "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

The Tenth Circuit, in *Wakaya Perfection, LLC v. Youngevity International, Inc.*, 910 F.3d 1118 (10th Cir. 2018), set forth the three factors to consider when applying the first-to-file rule: "'(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Id.* at 1124 (*citing Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).  The *Wakaya* court made clear that district courts can look at other

"equitable factors" when reviewing the first-to-file rule such as "inequitable conduct, bad faith, anticipatory suits, and forum shopping as equitable considerations." *Id.*

## III. RELEVANT FACTS

The following facts are based on the Verified Complaint and Declaratory Judgment, Injunctive Relief, and Request for Hearing (the "First Complaint") [Doc. 1], the Verified First Amended Complaint and Jury Demand (the "Second Complaint") [Doc. 21], and the Declaration of Daniel Jaffe attached hereto as Exhibit 1.

### A. Grove Bags is an Ohio Based Company that is a Leader in the Cannabis Packaging Industry.

Grove Bags is an Ohio limited liability company with its principal place of business located in Cuyahoga County, Ohio at 26201 Richmond Road, Unit D, Bedford Heights, Ohio 44146. (Declaration of Daniel Jaffe at 11 (hereinafter "Dec. Jaffe at 11")). Grove Bags' management team, warehouse and vast majority of its employees are in Ohio. (Dec. Jaffe at 11). Grove Bags' sole member resides in Ohio. (Dec. Jaffe at 11).

Grove Bags created TerpLoc®, a cannabis film that is the first of its kind. (Dec. Jaffe at 12). TerpLoc® helped Grove Bags become the leader in the cannabis packaging industry. (Dec. Jaffe at 12). Grove Bags' products are utilized at all levels of the cannabis industry – from growers, to distributors to retailers. (Dec. Jaffe at 12).

Grove Bags has become a market leader in the cannabis packaging industry through its development and protection of highly valuable trade secrets. (Dec. Jaffe at 13). Grove Bags takes significant precautions to protect its valuable trade secrets: (1) All employees sign employment agreements that require confidentiality and protect Grove Bags' contractual relationships; (2) all contractors are required to sign agreements that require confidentiality and protect Grove Bags'

contractual relationships; (3) Grove Bags' employee handbook requires that employees protect Grove Bags' confidential business information; (4) Grove Bags' employees are trained on Grove Bags' policies; (5) Grove Bags' computers and software applications are password protected and limited to employees with a need to access the applications; (6) Grove Bags requires the return of company property when employment or contractor relationship ends; and (7) Grove Bags enforces its agreements when former employees violate their obligations to Grove Bags. (Dec. Jaffe at 13).

### B. **Tatum is a Former Contractor and Employee who Signed Five Agreements with Grove Bags Protecting Grove Bags' Confidential Information and Contractual Relationships.**

Prior to being hired by Grove Bags, Tatum provided consulting services as an independent contractor to Grove Bags pursuant to a Consultancy Agreement. (Dec. Jaffe at 14). The Consultancy Agreement was effective September 1, 2020. (Dec. Jaffe at 14). The Consultancy Agreement provided that Tatum would have significant access to Grove Bags' products, sales procedures, and business strategy. (Dec. Jaffe at 14). The Consultancy Agreement required Tatum to maintain the confidentiality of Grove Bags' Confidential Information. (Dec. Jaffe at 14). Relevant to this Motion, the Consultancy Agreement provided that Ohio law applied to its interpretation and Cuyahoga County, Ohio was the exclusive jurisdiction for any claims arising under the Consultancy Agreement. (Dec. Jaffe at 14).

Tatum adequately performed his duties under the Consultancy Agreement and Grove Bags offered Tatum employment with Grove Bags. (Dec. Jaffe at 16). Tatum was in charge of Grove Bags' sales team throughout his employment with Grove Bags. (Dec. Jaffe at 16). Tatum managed and trained a sales force that was based primarily in Ohio. (Dec. Jaffe at 16). Tatum reported to Grove Bags' Chief Executive Officer and Chief Financial Officer who were based In

Ohio. (Dec. Jaffe at 16). Tatum's work for Grove Bags was nationwide. (Dec. Jaffe at 16). Tatum's resume, drafted by Tatum, leaves no doubts regarding Tatum's access and development of Grove Bags' valuable business information:

### Chief Commercial Officer

- Served on the Executive Board contributing to the strategic vision that led to a 4x revenue growth and distinguished Grove Bags as an industry leader.
- Developed and executed a comprehensive company sales strategy, penetrating new markets domestically and internationally leading to $15M+ in department revenue growth over three years.
- Developed a scalable sales infrastructure to support a 3x growth in headcount.
- Oversaw sales department recruiting and training, implemented performance reviews and made critical staffing decisions to align with strategic objectives.
- Developed and executed a dynamic company training program, enhancing team capabilities and performance, leading to an increase in average deal size and shortening the sales cycle.
- Cultivated a positive corporate culture, enhancing employee engagement and productivity, as evidenced by a 95% employee satisfaction rate.
- Implemented a company-wide Salesforce CRM system, enhancing customer relationship management, data and metric tracking.
- Managed a $200,000 annual sales department budget across five territories.
- Actively participated in 50+ industry trade shows, events, and networking opportunities annually to build client relationships and fuel brand expansion.
- Delivered impactful presentations at national and international conferences, effectively communicating industry highlights and forward-thinking strategies, establishing a reputation as a thought leader.

(Dec. Jaffe at Ex. 5).

Tatum signed the standard Grove Bags Employment Agreement on December 10, 2020. (Dec. Jaffe at 18). The Grove Bags Employment Agreement required Tatum to maintain the confidentiality of Grove Bags' Confidential Information. (Dec. Jaffe at 18). Relevant to this Motion, the Grove Bags Employment Agreement provided that Ohio law applied to its interpretation and Cuyahoga County, Ohio was the exclusive jurisdiction for any claims arising under the Grove Bags Employment Agreement. (Dec. Jaffe at 18).

Tatum signed a second standard Grove Bags Employment Agreement on January 9, 2021. (Dec. Jaffe at 20). The Grove Bags Employment Agreement required Tatum to maintain the confidentiality of Grove Bags' Confidential Information. (Dec. Jaffe at 20). Relevant to this Motion, the Grove Bags Employment Agreement provided that Ohio law applied to its interpretation and Cuyahoga County, Ohio was the exclusive jurisdiction for any claims arising under the Grove Bags Employment Agreement. (Dec. Jaffe at 20).

Tatum signed his third standard Grove Bags Employment Agreement on February 2, 2023. (Dec. Jaffe at 22). Grove Bags' records establish that Tatum took over three weeks to review the Grove Bags Employment Agreement before signing it. (Dec. Jaffe at 22). Tatum's base salary was One Hundred and Forty-Five Thousand Dollars. (Dec. Jaffe at 22). The Grove Bags Employment Agreement required Tatum to maintain the confidentiality of Grove Bags' Confidential Information. (Dec. Jaffe at 22). Relevant to this Motion, the Grove Bags Employment Agreement provided that Ohio law applied to its interpretation and Cuyahoga County, Ohio was the exclusive jurisdiction for any claims arising under the Grove Bags Employment Agreement. (Dec. Jaffe at 22).

Tatum's Grove Bags employment ended pursuant to a Severance Agreement. (Dec. Jaffe at 24). The Severance Agreement was signed on August 25, 2023. (Dec. Jaffe at 24). Tatum voluntarily resigned from his employment with Grove Bags in return for a severance payment. (Dec. Jaffe at 24). The Severance Agreement, consistent with the Grove Bags Employment Agreement, provided that Ohio law applied to its interpretation and Cuyahoga County, Ohio was the exclusive jurisdiction for any claims arising under the Grove Bags Employment Agreement. (Dec. Jaffe at 24). Finally, the Severance Agreement verified that Tatum's compliance with the obligations set forth in the Grove Bags Employment Agreement was a material term to the Severance Agreement. (Dec. Jaffe at 24).

Grove Bags paid Tatum the promised severance payment and complied with its obligations under the Severance Agreement. (Dec. Jaffe at 26). The severance payment was paid over a three-month period pursuant to Grove Bags' normal payroll procedures. (Dec. Jaffe at 26). Tatum has never returned the severance payment to Grove Bags. (Dec. Jaffe at 26).

### C. Calyx Utilized Tatum to Develop And Sell a Product that Competes with Grove Bags' Packaging Products.

The First Complaint verifies that Calyx and Grove Bags are competitors. (First Complaint at 11 (Grove Bags "is a packaging company specializing in cannabis packaging") and 26 ("Calyx, a manufacturer specializing in cannabis packaging solutions. . . ."). Within three months of Tatum's resignation from employment with Grove Bags, while Grove Bags was still paying the severance payment, Calyx approached Tatum "about coming to work" with Calyx. (First Complaint at ¶26). Calyx made a second offer of employment to Tatum in January 2024. (First Complaint at ¶28). Tatum ultimately accepted a position as a consultant with Calyx. (First Complaint at ¶32).

Neither Tatum nor Calyx contacted Grove Bags regarding the consulting relationship. (Dec. Jaffe at 29). Rather, Grove Bags learned of the violation of the Severance Agreement and Grove Bags Employment Agreement through a vendor. (Dec. Jaffe at 30). Grove Bags filed a lawsuit on October 29, 2024 in the United States District Court for the Northern District of Ohio, Case No. 1:24-cv-01887-SO (the "First Ohio Lawsuit"). (Dec. Jaffe at 31). The lawsuit seeks to enforce the terms of the Severance Agreement and Grove Bags Employment Agreement. (Dec. Jaffe at 31). The First Ohio Lawsuit remains pending. (Dec. Jaffe at 31). The Parties are in discovery, an injunction hearing has been held, and the Parties are waiting on the Ohio court to issue rulings on motions to dismiss filed by Calyx and Tatum and Grove Bags' motion for a preliminary injunction. (Dec. Jaffe at 31).

The First Complaint and the First Ohio Lawsuit have the identical parties and both lawsuits address the identical issues. (Dec. Jaffe at 32 and Ex. 1). In fact, the motions filed by Calyx and Tatum in the First Ohio Lawsuit seek the same remedy as in this lawsuit. (Dec. Jaffe at 32 and Ex. 11). Specifically, Tatum requests the court in the First Ohio Lawsuit apply Colorado law to his contracts with Grove Bags. (Dec. Jaffe at 33 and Ex. 11).

### D. The Injunction Hearing in the First Ohio Lawsuit Caused Calyx and Tatum to Expand this Lawsuit.

The preliminary injunction hearing in the First Ohio Lawsuit occurred on May 22, May 27, and May 28, 2025. (Dec. Jaffe at 34 and Ex. 2). Tatum's testimony in the preliminary injunction hearing verified that numerous allegations in the First Complaint were not accurate. (Dec. Jaffe at 34). More importantly, Tatum's testimony revealed that his written contract with Calyx required him to perform duties that would necessarily require the use and disclosure of Grove Bags' trade secrets. (Dec. Jaffe at 34). More importantly, Tatum and Calyx admitted that

if Ohio law is applied to the Severance Agreement and Grove Bags Employment Agreement, then Tatum is in breach of both agreements. (Dec. Jaffe at 34).

Tatum testified in the injunction hearing that due to the incorrect allegations in the First Complaint that the First Complaint would be amended. (Dec. Jaffe at 35). Tatum further testified that he and Calyx had enlisted two former Grove Bags' employees, who he managed, Hermanowski and Torrison. (Dec. Jaffe at 35). Tatum testified that although Hermanowski and Torrison had left their Grove Bags' employment years ago, that they believed Grove Bags somehow breached its contractual obligations to them. (Dec. Jaffe at 35).

### E. Second Ohio Lawsuit is Filed Against Hermanowski and Torrison.

Tatum filed the First Complaint on April 25, 2025 – more than six months after Grove Bags filed the First Ohio Lawsuit. (First Complaint at ¶34). On June 10, 2025, after learning that Hermanowski and Torrison were violating their contracts with Grove Bags, Grove Bags filed the Complaint in the United States District Court for the Northern District of Ohio, Case No. 1:25-cv-01217 (the "Second Ohio Lawsuit"). (Dec. Jaffe at 36 and Ex. 3).

Like Tatum, Hermanowski and Torrison also signed the standard Grove Bags Employment Agreement. (Dec. Jaffe at 37). On September 2, 20222, Hermanowski similarly signed a severance agreement that verified his compliance with the Grove Bags Employment Agreement. (Dec. Jaffe at 37). Grove Bags paid the severance, which Hermanowski never returned. (Dec. Jaffe at 37). Torrison's employment with Grove Bags ended on April 7, 2023, when Grove Bags terminated him for cause. (Dec. Jaffe at 37).

The Second Complaint was filed after the preliminary injunction hearing in the First Ohio Lawsuit. (Second Complaint); (Dec. Jaffe at 38). In addition, the Second Complaint was filed

after the Second Ohio Lawsuit. (Second Complaint at ¶114); (Dec. Jaffe at 38). The Second Ohio Lawsuit seeks enforcement of the Grove Bags Employment Agreement and the Severance Agreement – the identical issues raised by Torrison and Hermanowski in the Second Complaint. (Dec. Jaffe at 38).

## IV. ARGUMENT

### A. The first-to-file rule requires the dismissal of the claims asserted by Tatum and Calyx.

The first-to-file rule applies to the claims asserted by Tatum and Calyx in this lawsuit. All three factors are met and support the dismissal of the claims asserted by Tatum and Calyx in this lawsuit without prejudice.

The chronology of events factor firmly supports Grove Bags. The First Ohio Lawsuit was filed by Grove Bags against Tatum and Calyx on October 29, 2024. More than six months later, on the eve of an injunction hearing in the First Ohio Lawsuit, Tatum and Calyx filed the First Complaint on April 25, 2025. (First Complaint at ¶34). Accordingly, the First Ohio Lawsuit is clearly the first filed lawsuit and the first factor has been proven by Grove Bags. *Wakaya*, 910 F.3d at 1124.

The second factor – similarity of parties involved – also has been proven by Grove Bags. The First Ohio Lawsuit involves Grove Bags and Tatum and Calyx. The First Complaint and the claims asserted by Tatum and Calyx also name Grove Bags. Both cases address two material issues: (1) Is Tatum breaching his Grove Bags' contracts; and (2) has Calyx, Grove Bags' competitor, tortiously interfered with Grove Bags' contractual relationship with Tatum. Accordingly, the second factor has also been proven by Grove Bags.

Finally, similarity of the issues or claims at stake, has also been proven by Grove Bags.

The first-to-file rule "recognizes that federal courts, 'as courts of coordinate jurisdiction and equal rank,'" must "'be careful to avoid interfering with each other's affairs in order to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *1KIV TGJ Holdings, LLC v. True Gentlemen's Jerky*, Case No. 21-cv-01831-WJM-NRN, 2021 WL 5167193 *1 (D. Col. Oct. 4, 2021) (*quoting Buzas Baseball, Inc. v. Bd. Of Regents of Univ. Sys. Of Ga.*, 189 F.3d 477, 1999 WL 682883 *3 (10th Cir. 1999)). In the First Ohio Lawsuit, Tatum and Calyx concede that Tatum is in breach of his contractual obligations if Ohio law is applied as the Parties agreed. In this lawsuit, Tatum and Calyx seek to circumvent Ohio law in order to reach a conflicting decision, which they also raise in the Ohio matter through motions. Accordingly, Grove Bags has also proven the third factor in the Tenth Circuit standard. *Wakaya*, 910 F.3d at 1124.

Finally, the equitable factors clearly favor Grove Bags. Initially, Grove Bags filed the First Ohio Lawsuit before any threats or claims asserted by Calyx or Tatum. *Ironshore Specialty Ins. Co. v. A&A Tank Truck Co.*, Case No. CIV-22-323-JAR, 2023 WL 6323076 *5 (E.D. Okla. Sept. 28, 2023) ("This Court does not perceive any improper motivations on the part of the litigants which would require these considerations"). The First Complaint alleges that Tatum and Calyx planned their breach of the contracts for months yet they never filed a declaratory judgment action, notified Grove Bags or took any action beyond secretly conspiring to breach the Grove Bags' agreements. Accordingly, Tatum and Calyx have forum shopped and their claims should be dismissed.

### B. The first-to-file rule requires the dismissal of the claims asserted by Torrison and Hermanowski.

The first-to-file rule also applies to the claims asserted by Torrison and Hermanowski in

- 13 -

the Second Complaint. The Second Ohio Lawsuit was filed prior to this lawsuit being amended to add Torrison and Hermanowski, involves the same parties, and it addresses the same legal issues – have Torrison and Hermanowski violated their contractual obligations to Grove Bags. *Wakaya*, 910 F.3d at 1124. Moreover, the claims asserted by Torrison and Hermanowski are moot since their non-compete obligations have lapsed pursuant to the length of time since their discharges.

Hermanowski is clearly involved in this lawsuit only to attempt to help his former manager escape the first-to-file rule. Hermanowski signed a severance agreement, has never returned the severance payment, and has had no disputes with Grove Bags since 2022 – nearly three years prior to the filing of the Second Complaint. Moreover, Hermanowski incredibly seeks to recover costs for the Second Ohio Lawsuit in the Second Complaint. (Second Complaint, Doc. 21 at ¶125). Accordingly, Hermanowski's claims are clearly better suited for the Second Ohio Lawsuit and his claims in the Second Complaint should be dismissed.

Similarly, Torrison also seeks to recover costs for the Second Ohio Lawsuit in the Second Complaint. (Second Complaint, Doc. 21 at ¶125). Torrison's last dispute with Grove Bags was in 2023 – more than two years prior to the filing of the Second Complaint. Accordingly, Torrison's claims, if any, are also better suited for the Second Ohio Lawsuit and his claims in the Second Complaint should be dismissed.

## V.  **CONCLUSION**

Based on the above-cited arguments and authorities, this Court lacks subject-matter jurisdiction over this lawsuit and the Verified First Amended Complaint and Jury Demand (the "Complaint") filed by Plaintiffs should be dismissed without prejudice. All three factors set forth

by the Tenth Circuit in *Wakaya Perfection, LLC v. Youngevity International, Inc.*, 910 F.3d 1118 (10th Cir. 2018). Accordingly, the claims at issue in the captioned-lawsuit should be litigated in the first filed Ohio district court cases, Case No. 1:24-cv-01887-SO and Case No. 1:25-cv-01217-CEF and this lawsuit should be dismissed without prejudice.

Dated this 15th day of July, 2025.

                                        **GORDON REES**
                                        **SCULLY MANSUKHANI, LLP**

                                        */s/ Brittney T. Bulawa*
                                        Andrew K. Lavin, Esq.
                                        Brittney T. Bulawa, Esq.
                                        555 Seventeenth Street, Suite 3400
                                        Denver, Colorado 80202
                                        Telephone: (303) 534-5160
                                        alavin@grsm.com
                                        bbulawa@grsm.com

                                        *Attorneys for Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing **Defendant's Rule 12(b)(1) Motion to Dismiss** was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 15th day of July, 2025.

Jessamyn L. Jones
Grant T. Shibao
2000 S. Colorado Blvd, Tower 1
Suite 10000
Denver, Colorado 80222
Jjones@3ilawfirm.com
gshibao@3ilawfirm.com

*Attorneys for Plaintiffs*


　　　　　　　　　　　　　　　　　　　　　　　 /s/ Monica L. Vela
　　　　　　　　　　　　　　　　　　　　　　　Gordon Rees Scully Mansukhani, LLP