IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. 25-cv-01321-CYC

MICHAEL RYAN TATUM, an individual; CALYX CONTAINERS, LLC, a Colorado limited liability company; CHAZ HERMANOWSKI, an individual; and JACOB TORRISON, an individual,

    Plaintiffs,

v.

KINZIE ADVANCED POLYMERS LLC d/b/a GROVE BAGS, an Ohio limited liability company.

    Defendant.

## PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS

COME NOW, Plaintiffs, Michael Ryan Tatum ("Plaintiff Tatum"), Calyx Containers, LLC ("Plaintiff Calyx"), Chaz Hermanowski ("Plaintiff Hermanowski"), and Jacob Torrison ("Plaintiff Torrison"), collectively ("Plaintiffs"), by and through their counsel, 3i Law, LLC, hereby submit their Response Opposing Defendant's Rule 12(b)(1) Motion to Dismiss ("Response"):

### INTRODUCTION

This matter arises out of Defendant, Kinzie Advanced Polymers LLC d/b/a Grove Bags ("Defendant") employment of Colorado citizens, Plaintiffs, Plaintiff Tatum, Plaintiff Hermanowski, and Plaintiff Torrison. The factual timeline demonstrates that Defendant's Motion to Dismiss for lack of subject matter jurisdiction is a thinly veiled attempt to manipulate the procedural record, falling short of the principles of candor, fairness, and the obligation to avoid

1

procedural gamesmanship. Plaintiffs' claims in this matter arise directly from the enforceability, or lack thereof, of multiple covenants not to compete imposed by Defendant. The enforceability of these covenants must be litigated in the District of Colorado. Requiring Plaintiffs to litigate this matter outside of the state of Colorado violates the clear and unambiguous language of Colorado law.

As fully set forth below, Defendant's Rule 12(b)(1) Motion to Dismiss ("Motion") must be denied because 1) Colorado is the only court that can adjudicate the claims before it; 2) the first-to-file rule is discretionary and not mandatory; 3) the District of Colorado has a compelling interest in retaining jurisdiction over the dispute, given Colorado's strong public policy and aggressive statutory framework designed to protect its employees from unlawful restrictive covenants; and 4) Defendant's conduct was deliberately misleading, and they should not be rewarded for creating an artificial basis for their Motion through such tactics.

## FACTUAL BACKGROUND

1. On October 29, 2024, Defendant filed an action in the Northern District of Ohio ("First Ohio Lawsuit") against Plaintiff Tatum alleging Plaintiff Tatum breached the noncompete provision contained in his employment agreement. *See* Exhibit 1 to Motion, Defendant's Complaint, ECF 22-1, PDF pp. 16-21; *Id.*, PDF p. 2, Declaration of Daniel Jaffe, ¶ 6.

2. Plaintiff Tatum filed a Motion to Dismiss the First Ohio Lawsuit on the basis that Colorado law prohibits the enforcement of non-compete provisions in employment contracts for non-highly compensated employees. Plaintiff Tatum's Motion to Dismiss has now been pending before the Ohio court for over six months without resolution. *See* Exhibit 1 to Motion, Tatum's Motion to Dismiss, ECF 22-1, PDF pp. 222-223.

2

3. On April 25, 2025, Plaintiffs Tatum and Calyx filed this action seeking, in part, declaratory judgment that the restrictive covenants are void and unenforceable under Colorado law ("Colorado Lawsuit"). *See* Complaint, ECF 1 ("Complaint"), ¶ 11.

4. Defendant's answer or responsive was due on or before May 23, 2025.

5. On May 22, 2025, Defendant filed a Stipulation for Extension of Time to Answer or Respond to the Complaint. *See* Stipulation for Extension of Time, ECF 13.

6. Between April 25, 2025, and May 28, 2025, Plaintiff Hermanowski and Plaintiff Torrison requested an opportunity to join this action, therefore creating the need for Plaintiffs to amend their Complaint.

7. On May 28, 2025, Defendant's counsel proposed filing a joint status report extending the time for Defendant's answer or responsive pleading so that Plaintiffs could file their First Amended Complaint on or before June 20, 2025, and ensure judicial efficiency by requiring a single answer or responsive pleading to the First Amended Complaint. *See* Joint Status Update, ECF 15.

8. However, it appears Defendant's true intention in seeking an extension of time was to create the opportunity to file lawsuits against the newly added Plaintiffs, Plaintiff Hermanowski and Plaintiff Torrison, in the Northern District of Ohio, filed on June 10, 2025 ("Second Ohio Lawsuit"), thereby manufacturing a basis to invoke the first-to-file rule and seek dismissal of this action. *See* Exhibit 1 to Motion, ECF 22-1, PDF p. 2, Declaration of Daniel Jaffe, ¶ 8.

9.   Plaintiffs filed their First Amended Complaint on June 20, 2025.[1]  *See* First Amended Complaint, ECF 19.

## STANDARD OF REVIEW

"Under Rule 12(b)(1), a party may seek dismissal for lack of subject matter jurisdiction in two forms (1) facial attack or (2) factual challenge."  *Equal Emp't Opportunity Comm'n v. 'Murica, LLC*, 694 F.Supp.3d 1356, 1361 (D. Colo. 2023).  "For the first, the moving party may facially attack the complaint's allegations as to the existence of subject matter jurisdiction."  *Id.* (internal citations omitted).  "When reviewing a facial attack, courts accept a complaint's allegations as true."  *Id.*  "The burden of establishing jurisdiction rests with the party asserting jurisdiction."  *Shash v. City of Pueblo*, 770 F.Supp.3d 1279, 1291 (D. Colo. 2025).

## LAW AND ARGUMENT

**A.   Defendant's Motion to Dismiss Must be Denied Because Colorado Law Requires the Enforceability of the Covenant not to Compete be Adjudicated in Colorado.**

Plaintiffs' case before this Court centers on the enforceability of covenants not to compete. *See* Plaintiffs' Verified First Amended Complaint and Jury Demand, ECF 19 (First, Second, Fourth, Fifth, Sixth, Seventh, and Ninth Claims).  Under Colorado law, a covenant not to compete that applies to a worker who primarily resided or worked in Colorado at the time of termination <u>may not require the worker to adjudicate its enforceability outside of Colorado</u>.  *See* C.R.S. § 8-2-113(6) (emphasis added).  Defendant concedes in its Motion that the First and Second Ohio lawsuits arise from the enforceability of the very same restrictive covenants at issue here.  *See*

---

[1] Plaintiffs refiled the First Amended Complaint on June 24, 2025, in accordance with the Court's June 24, 2025, Minute Order.

4

Defendant's Motion, p. 10.  While that concession is made in an attempt to satisfy the "similarity of claims" factor for the first-to-file analysis, it simultaneously confirms that those claims cannot lawfully be adjudicated in Ohio.  Because Colorado law requires that the enforceability of the covenants be determined exclusively in this state, the Ohio lawsuits cannot serve as a proper basis for dismissal under the first-to-file rule.

Defendant's claims against Plaintiffs in the First and Second Ohio Lawsuits seek to enforce the covenants not to compete contained in Plaintiffs' employment agreements.  *See* Exhibit 1 to Motion, Defendant's Complaint, ECF 22-1, PDF pp. 20-21; 25-27; *see also* Exhibit 1 to Motion, Defendant's Complaint Against Hermanowski and Torrison, ECF 22-1, PDF pp. 67-69; 71-72; 75-76.  It is undisputed that Plaintiff Tatum, Plaintiff Hermanowski, and Plaintiff Torrison were residents of the state of Colorado at the time that their respective employments were terminated.  As such, Plaintiff Tatum, Plaintiff Hermanowski, and Plaintiff Torrison are workers protected under Colorado Revised Statute § 8-2-113(6), which prohibits requiring Colorado-based workers to adjudicate the enforceability of a non-compete agreement outside the state.  As a result, the enforceability of the covenants at issue cannot lawfully be adjudicated in any other venue than Colorado.  Therefore, Defendant's First and Second Ohio Lawsuits violate the express terms of Colorado law.

Granting Defendant's Motion would result in a clear violation of Colorado law by forcing Plaintiffs to adjudicate the enforceability of the covenants not to compete in Ohio.  Plaintiffs would be required to either raise a defense or bring counterclaims against Defendant in the First and Second Ohio Lawsuits challenging the enforceability of the multiple covenants not to compete under the laws of the state in which they resided and worked at the time of their termination.

Requiring Plaintiffs to raise this defense or bring these counterclaims outside of the state of Colorado is improper and contradictory to the unambiguous language of the statute, prohibiting the adjudication of the enforceability of non-competes outside of Colorado. *See* C.R.S. § 8-2-113(6). The District of Colorado is the only venue where the enforceability of the covenants not to compete can be lawfully adjudicated. Therefore, the Court should deny Defendant's Motion, which seeks to shift that adjudication to Ohio in direct violation of Colorado law.

Furthermore, granting Defendant's Motion would result in a waste of judicial and party resources in both jurisdictions. Even if the Motion were granted, Plaintiffs' claims would ultimately need to be resolved in the District of Colorado, as Colorado law mandates that disputes over the enforceability of non-compete agreements involving Colorado workers be adjudicated in this forum. Defendant's Motion effectively invites unnecessary and duplicative litigation, suggesting that the Parties engage in extensive briefing and motion practice in Ohio—only for the matter to return to Colorado, where it should have been litigated from the outset. All of the lawsuits at issue turn on the enforceability of covenants not to compete, and under Colorado law, that question belongs exclusively in this Court. Defendant's strategy of draining Plaintiffs' resources through unnecessary and meritless motion practice is exemplified by its filing of the present Motion. Defendant has had every opportunity to review the plain language of Colorado law, which unambiguously requires that disputes concerning the enforceability of non-compete agreements for Colorado employees be adjudicated in Colorado. *See* C.R.S. § 8-2-113(6). The unambiguous statutory language resolves any question regarding proper venue and subject matter jurisdiction. In spite of that, Defendant chose to file its Motion, attempting to entrench Plaintiffs in months of

motions practice, when ultimately, the claims at issue will need to be resolved by this Court under Colorado law. *Id.*

> **B.** **Defendant's Motion Should be Denied Because the First-to-File Rule is Not Mandatory, and the District of Colorado Maintains a Strong Interest in Enforcing Colorado Law**.

Defendant argues this Court lacks subject matter jurisdiction because Defendant initiated the First Ohio Lawsuit against Plaintiffs Tatum and Calyx prior to the commencement of this action. *See generally* Defendant's Motion, ECF 22. However, the analysis as to whether a court should abstain from exercising jurisdiction contemplates many other factors beyond simply the chronological timeline of the pleadings.

The first-to-file rule permits, but does not require, a federal district court to abstain from exercising its jurisdiction in deference to first-filed case in different federal district court. *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 814-15 (10th Cir. 2023). "Relevant factors include, but are not limited to (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* (internal quotation marks omitted). The first-to-file rule, which applies when two federal district courts are addressing similar claims between the same parties, applies regardless of how many days separate the filings, but district courts can exercise discretion on a case-by-case basis when weight the impact of which case was filed first. *Wakaya Perfection, LLC v. Youngevity Int., Inc.*, 910 F.3d 1118, 1125-26 (10th Cir. 2018). "Where the overlap between two lawsuits is less than complete, courts decide whether to apply the first-to-file rule on a case by case basis, based on such factors as the extent of overlap…<u>and the interest in each forum in resolving the dispute</u>." *OpenLCR.com, Inc. v. Rates Technology, Inc.*, 112 F.Supp.2d 1223, 1231 (D. Colo. 2000) (internal citations omitted) (emphasis added).

7

The first-to-file rule does not divest the District of Colorado of subject matter jurisdiction, nor does it mandate dismissal. Rather, it provides a discretionary basis for a court to abstain from exercising its jurisdiction, if it chooses. *See Quint*, 89 F.4th at 814-15. The decision to apply the first-to-file rule is discretionary and disturbed only upon abuse of discretion. *See Wakaya Perfection, LLC*, 910 F.3d at 1121. In this instance, application of the first-to-file rule would be improper because Plaintiffs' claims implicate substantial public policy interests that are uniquely tied to Colorado law, and to the District of Colorado's strong interest in ensuring that its laws are properly enforced.

Defendant attempts to obscure the various factors this Court should consider before abstaining from exercising jurisdiction on the basis of the first-to-file rule. Defendant draws the Court's attention to the fact that the First Ohio Lawsuit was filed prior to the commencement of this action. *See* Defendant's Motion, ECF 22, p. 12. It is undisputed that the First Ohio Lawsuit was commenced prior to the present action. However, by contrast, it is disputed whether the same chronological deference can be afforded to the Second Ohio Lawsuit. That case was filed only after Defendant became aware that Plaintiffs Hermanowski and Torrison would be joining this action, and after Defendant requested and received an extension of time as a professional courtesy. Defendant then used that extension to strategically file the Second Ohio Lawsuit, in an apparent effort to create the appearance of priority and invoke the first-to-file rule. Dismissing Plaintiff Hermanowski and Plaintiff Torrison's claims on the strict basis that the Second Ohio Lawsuit was filed days before the First Amended Complaint would "reward gamesmanship" and "allow Defendant to manipulate the first-to-file rule…" *See Wakaya Perfection, LLC*, 910 F.3d at 1125-26.

Furthermore, Defendant fails to acknowledge that the claims raised in the present action are unique and exclusively tied to the jurisdiction of the District of Colorado and can only be enforced in this venue. Here, Plaintiffs Tatum, Hermanowski, and Torrison, plead for relief under Colorado Revised Statute § 8-2-113. The Colorado law is unique and specifically protects workers who, "…at the time of termination of employment, primarily resided or worked in Colorado…" C.R.S. § 8-2-113(6). It is undisputed that Plaintiffs Tatum, Hermanowski, and Torrison were citizens of the State of Colorado during the course of their employment and at the time of their employment with Defendant was terminated. As such, the claims and issues brought by Plaintiffs in the this action must be adjudicated in Colorado. Their claims center on the enforceability of covenants not to compete, an issue governed by Colorado law and explicitly protected under C.R.S. § 8-2-113, which reflects the Colorado Legislature's intent to safeguard its workers from unlawful restrictive covenants. Defendant's Motion should be denied because, when the case is evaluated independently and beyond the threshold factors of timing and party identity, the District of Colorado's compelling interest in enforcing its own law outweighs any presumption in favor of the first-filed forum. *Wakaya Perfection, LLC*, 910 F.3d at 1125-26.

Finally, the state of Colorado, and therefore, the District of Colorado, has a unique interest in protecting the employees of the state of Colorado from the enforcement of contractual provisions that directly violate the express terms of Colorado law, therefore, this Court has a strong interest in resolving the dispute. *See Rates Technology, Inc.*, 112 F.Supp.2d at 1231. Defendant relies upon the allegation that all of the employment contracts between Defendant and Plaintiff Tatum are governed under Ohio law. *See* Defendant's Motion, ECF 22, pp. 6, 8, and 9. This is precisely why the first-to-file rule is inapplicable here: Defendant is attempting to circumvent

9

Colorado law by seeking to enforce the covenants not to compete under Ohio law, rather than in the proper and statutorily mandated forum of Colorado. Colorado's non-compete statute is aggressive in declaring non-compete agreements null and void. *See In Re Hruby*, 512 B.R. 262, 273 (Bankr. Dist. Colo. 2014). Application of Ohio law to this case would be improper and violate the protections created by the state of Colorado for its citizens. *See AK Steel Corp. v. ArcelorMittal USA, L.L.C.*, 55 N.E.3d 1152, 1155 (Ohio Ct. App. 2016) (establishing reasonableness as the test for the enforceability of non-compete agreements under Ohio law, which is significantly less restrictive than Colorado's statutory framework). The Court should deny Defendant's Motion to Dismiss because this District has a substantial interest in resolving the dispute, given Colorado's strong public policy, reflected in its statutory framework, designed to protect its workers from unlawful restrictive covenants.

    **C.** **Defendant's Motion to Dismiss Should Be Denied Because it is the Product of Procedural Gamesmanship and Strategic Misuse of the Judicial Process**.

Defendant argues that the first-to-file rule requires the Court dismiss Plaintiffs' First Amended Complaint because the First and Second Ohio Lawsuits were filed chronologically before Plaintiffs' Amended Complaint. *See* Defendant's Motion, ECF 22, pp. 12-14. However, the Court should deny Defendant's Motion, as granting the requested relief would effectively reward Defendant for engaging in bad faith and procedural gamesmanship.

"After determining the sequence and similarities in the case, courts must also determine whether any equitable considerations…merit not applying the first-to-file rule in a particular case." *Wakaya Perfection, LLC*, 910 F.3d at 1127.

10

In this situation, the equities require that Defendant's Motion be denied because the basis for the Motion was manufactured through bad faith and deliberate procedural manipulation. Defendant communicated with Plaintiffs' counsel to request, and ultimately received, two separate extensions of time before its deadline to file an answer or other responsive pleading. *See* May 22, 2025 Stipulation for Extension of Time to Answer, ECF 13; *see also* Joint Status Update to Court, ECF 15. On or about May 22, 2025, Defendant became aware that Plaintiff Hermanowski and Plaintiff Torrison were planning to join the present case. *See* Motion, pp. 10-11. On May 28, 2025, Defendant's counsel proposed a continuance of the response deadline on the basis that, "…it seems to be a waste of resources to respond to the Complaint by Friday." *See* May 28, 2025, Email from Andrew Lavin, attached and referenced hereto as **Exhibit A**. On May 29, 2025, counsel for Plaintiffs and Defendant conferred via telephone on the proposed schedule of amended pleadings to propose to the Court as part of the Joint Status Update to Court. *See* Joint Status Update to Court, ECF 15, ¶ 1. Under the guise of cooperation and judicial efficiency, Defendant used the extension of time to initiate the Second Ohio Lawsuit. *See* Defendant's Motion, pp. 11-12. Defendant now uses this tactic as the basis for the Motion to Dismiss. Defendant's lack of candor, manipulation, and gamesmanship should not be rewarded. Granting Defendant's Motion would effectively endorse Defendant's improper fabrication of the very basis on which the Motion relies. The interests of justice and equitable considerations before the court require the court to deny Defendant's Motion.

WHEREFORE, for the foregoing reasons, Plaintiffs submit their Response to Defendant's Motion and respectfully request the Court deny Defendant's Motion to Dismiss and for such other and further relief as the Court deems just and proper.

DATED this 25th day of July, 2025.

Respectfully submitted,

3i Law, LLC
*[A duly signed original on file at office of undersigned.]*

By: */s/ Jessamyn L. Jones*
Jessamyn L. Jones
Grant T. Shibao
2000 S. Colorado Blvd. Tower 1
Suite 10000
Denver, CO 80222
Telephone: (303) 245-2162
Facsimile: (303) 245-2108
jjones@3ilawfirm.com
gshibao@3ilawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on the 25th day of July, 2025, I caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS** to be served upon the below via PACER filing system:

Andrew K. Lavin, Esq.
Brittney T. Bulawa, Esq.
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
alavin@grsm.com
bbulawa@grsm.com

*/s/ Jennifer Pape*
Jennifer Pape, Legal Assistant