IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. 25-cv-01321-CYC

MICHAEL RYAN TATUM, an individual; CALYX CONTAINERS, LLC, a Colorado limited liability company; CHAZ HERMANOWSKI, an individual; and JACOB TORRISON, an individual,

 Plaintiffs,

v.

KINZIE ADVANCED POLYMERS LLC d/b/a GROVE BAGS, an Ohio limited liability company.

 Defendant.

**PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION TO STAY LITIGATION PENDING DECISION ON DEFENDANT'S RULE 12(B)(1) MOTION AND CONVERT SCHEDULING CONFERENCE INTO A STATUS CONFERENCE**

COME NOW, Plaintiffs, Michael Ryan Tatum ("Plaintiff Tatum"), Calyx Containers, LLC ("Plaintiff Calyx"), Chaz Hermanowski ("Plaintiff Hermanowski"), and Jacob Torrison ("Plaintiff Torrison"), collectively ("Plaintiffs"), by and through their counsel, 3i Law, LLC, hereby submit their Response Opposing Defendant's Motion to Stay Litigation Pending Decision on Defendant's Rule 12(b)(1) Motion and Convert Scheduling Conference Into a Status Conference ("Response"):

**ADDITIONAL PROCEDURAL BACKGROUND**

1. Plaintiffs' initial and amended complaint includes a claim for declaratory judgment under C.R.S. § 8-2-113 and 13-51-105; and 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. *See* Plaintiffs' First Amended Complaint, ECF 19, pp. 21-24.

1

## LAW AND ARGUMENT

A stay of this litigation would be improper, as it would severely prejudice Plaintiffs by allowing Defendant's Ohio actions to proceed unchecked, thereby forcing Plaintiffs to litigate in a forum and manner that directly contravenes Colorado law. Next Defendant does not bear any additional burden by litigating the present case because the District of Colorado is the only jurisdiction where these disputes can be adjudicated, thus preserving Defendant's resources by preventing unnecessary litigation in Ohio. Finally, the stay would be improper because public policy requires that this matter proceeds in the State of Colorado.

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending." *Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1216 (D. Colo. 2021). "Instead, Rule 1 instructs that the rules of procedure shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.*; *see also* Fed. R. Civ. P. 1. Stays of the normal proceedings of a court matter should be the exception rather than the rule, and stays in this District are generally disfavored. *Barrington*, 565 F.Supp. 3d at 1216. "Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* "The decision to grant a stay, like the decision to grant an evidentiary hearing, is generally left to the sound discretion of district courts." *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016). Where a movant seeks relief that would delay court proceedings by other litigants, he must make a strong

showing of necessity because the relief would severely affect the rights of others. *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

> **A.** **Granting a Stay of the Litigation Would Violate Plaintiffs' Interests and Force Plaintiffs to Litigate the Enforceability of the Covenants Not to Compete in Ohio, Contrary to Colorado Law.**

Granting Defendant's Motion to Stay would result in severe prejudice to Plaintiffs and a clear violation of Colorado law, as it would compel Plaintiffs to litigate the enforceability of the non-compete covenants in Ohio, despite Colorado's express statutory mandate that such claims be adjudicated in Colorado. It is undisputed that Defendant's two Ohio lawsuits are centered around the enforceability of Plaintiff Tatum, Plaintiff Hermanowski, and Plaintiff Torrison's covenants not to compete. *See* Defendant's Motion to Dismiss, ECF 22, pp. 12-13.

However, under Colorado law, a covenant not to compete that applies to a worker who primarily resided or worked in Colorado at the time of termination <u>may not require the worker to adjudicate its enforceability outside of Colorado</u>. *See* C.R.S. § 8-2-113(6) (emphasis added). If Defendant's Motion to Stay is granted and the Colorado litigation is stayed, then Plaintiffs will be required to defend against the enforcement of the covenants not to compete outside of the state of Colorado. The First Ohio Lawsuit is pending and discovery is ongoing. *See* Defendant's Motion to Stay Proceedings, ECF 23, ¶ L. Plaintiffs initiated this action, in part, to obtain a declaratory judgment protecting their rights under Colorado law and to prevent the improper adjudication of the non-compete covenants in an out-of-state forum. Granting a stay would undermine that purpose and significantly harm Plaintiffs by forcing them to defend against Defendant's ongoing efforts to enforce the covenants in the Ohio lawsuits, despite Colorado's express prohibition on such enforcement outside this jurisdiction. Furthermore, the prejudice to Plaintiffs resulting from

3

a stay is neither harmless nor reversible, as the Ohio lawsuits continue to move forward in direct violation of Plaintiffs' rights under Colorado law.  Staying this action would leave Plaintiffs with no choice but to participate in and defend against the enforcement of the non-compete covenants in the advancing Ohio proceedings—precisely the harm this action seeks to prevent.

Finally, Defendant has failed to demonstrate that the necessity for the stay supersedes the prejudice Plaintiffs will suffer.  *See Chilcott Portfolio Mgmt.*, 713 F.2d at 1484.  Defendant argues that Plaintiff Tatum should have filed this action sooner if he believed that the employment agreement violated Colorado law and therefore, he will not suffer prejudice by the stay.  *See* Defendant's Motion to Stay, ECF 23, p. 4.  Yet Defendant fails to make the requisite strong showing of necessity to justify a stay.  The Motion merely requests a stay without articulating any compelling argument that one is warranted or imperative under the circumstances.  Defendant has not met the heavy burden required to justify a stay, particularly when weighed against the significant prejudice Plaintiffs will suffer if forced to adjudicate this matter outside of Colorado.

Plaintiff Tatum acted promptly to protect his rights by filing a Motion to Dismiss in the Ohio lawsuit, which has now been pending for over six months without resolution.  He also sought a stay of the Ohio proceedings, but that motion was denied.  As a result, Plaintiffs have been forced to continue defending against claims that are expressly prohibited under Colorado law, incurring attorneys' fees well into the six figures.  Despite Plaintiff Tatum's efforts to prevent unnecessary and improper litigation, the Ohio court has taken no action to halt the proceedings or rule on the Motion to Dismiss.  Plaintiff Tataum initiated this action to obtain relief that the Ohio court has failed to provide, and to ensure that his rights under Colorado law are protected.

Given this posture, staying the present action would only compound the prejudice to Plaintiffs. Accordingly, Defendant's Motion to Stay must be denied, as it would result in irreparable harm to Plaintiffs and a violation of Colorado law by compelling them to litigate the enforceability of the covenants not to compete in the Ohio lawsuits.

**B.     Defendant's Motion to Stay Must Be Denied Because Defendant Has Not Shown Any Meaningful Burden in Litigating in Colorado.**

Defendant argues that a stay in the pending litigation will conserve judicial resources by not subjecting Defendant to participate in discovery of two pending actions. *See generally* Defendant's Motion to Stay, ECF 23, p. 4. However, Defendant's argument overlooks the fact that continuation of this action offers the most efficient path to a binding resolution, as the District of Colorado is the only proper venue authorized to adjudicate the enforceability of the non-compete covenants under Colorado law. If this matter is stayed, it is likely that the parties will end up spending extensive resources litigating the covenants not to compete before ultimately finding themselves back before the Court because Colorado law requires that this action be litigated in the state of Colorado.[1] The burden on Defendant to litigate in this forum is minimal, particularly when compared to the substantial and duplicative expense all parties will incur by continuing to litigate these issues in a foreign forum, especially where the District of Colorado is the only venue with authority to adjudicate the enforceability of the covenants under Colorado law.

---

[1] The United States Bankruptcy Court for the District of Colorado was presented with a similar issue regarding the conflict between Ohio and Colorado law on a covenant not to compete. The court held, "The Court believes it is likely that the Ohio State Court will find that the Covenant Not to Compete between Movant and Debtor is void under Colo. Rev. Stat. § 8-2-113. *In Re Hruby*, 512 B.R. 262, 273 (Bankr. Dist. Colo. 2014).

Similarly, denying Defendant's Motion to Stay will allow this Court to adjudicate Plaintiffs' first claim for relief, a declaratory judgment under Colorado law prohibiting the enforcement of non-compete covenants against Colorado residents outside the state. A ruling in Plaintiffs' favor may render the parallel Ohio lawsuits unnecessary, conserving resources for all parties and reinforcing that the District of Colorado is the proper and exclusive forum for resolving these disputes. Defendant's attempt to stay this action appears calculated to delay that adjudication and prolong litigation in a foreign forum. Yet Defendant faces no meaningful burden by proceeding here, and resolution of this case offers the most direct and efficient path to finality, while upholding Colorado's strong public policy interests in regulating restrictive covenants for its residents. Accordingly, Defendant's Motion to Stay must be denied.

### C. **Defendant's Motion to Stay Must be Denied Because Colorado Public Policy Requires the Action be Promptly Litigated**.

Defendant's conclusion that "…there are no significant interests of either non-parties or the public that would alter the considerations before this Court" is incorrect. *See* Defendant's Motion to Stay, ECF 23 p. 4. The crux of the litigation before this Court is whether Colorado's law and fundamental public policy of protecting its citizens against covenants not to compete should be applied to the employment agreements between Plaintiffs and Defendant. *See King v. PA Consulting Group, Inc.*, 485 F.3d 577, 586 (10th Cir. 2007) (stating both state and federal courts have recognized Colorado's significant interest in limiting noncompete agreements).

Colorado has long maintained a strong public interest in shielding its residents from the burdens of restrictive covenants that contravene state law. That interest is directly implicated here, where Plaintiffs, Colorado citizens, face ongoing litigation in a foreign venue attempting to enforce such covenants in direct violation of Colorado law. As such, Defendant's Motion to Stay must be

6

denied, as it seeks to circumvent Colorado's public policy and would subject Plaintiffs to the very kind of oppressive and extraterritorial litigation that Colorado law was enacted to prevent.

WHEREFORE, for the foregoing reasons, Plaintiffs submit their Response Opposing Defendant's Motion to Stay and respectfully request the Court deny Defendant's Motion to Stay and for such other and further relief as the Court deems just and proper.

DATED this 25th day of July, 2025.

    Respectfully submitted,

    3i Law, LLC
    *[A duly signed original on file at office of undersigned.]*

    By: */s/ Jessamyn L. Jones*
    Jessamyn L. Jones
    Grant T. Shibao
    2000 S. Colorado Blvd. Tower 1
    Suite 10000
    Denver, CO 80222
    Telephone: (303) 245-2162
    Facsimile: (303) 245-2108
    jjones@3ilawfirm.com
    gshibao@3ilawfirm.com

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on the 25th day of July, 2025, I caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION TO STAY LITIGATION PENDING DECISION ON DEFENDANT'S RULE 12(B)(1) MOTION AND CONVERT SCHEDULING CONFERENCE INTO A STATUS CONFERENCE** to be served upon the below via PACER filing system:

Andrew K. Lavin, Esq.
Brittney T. Bulawa, Esq.
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
alavin@grsm.com
bbulawa@grsm.com

*/s/ Jennifer Pape*
Jennifer Pape, Legal Assistant