IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01321-DDD-CYC

MICHAEL RYAN TATUM, et al.

    Plaintiffs,

v.

KINZIE ADVANCED POLYMERS LLC d/b/a GROVE BAGS,

    Defendant.

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STAY LITIGATION PENDING DECISION ON DEFENDANT'S
RULE 12(b)(1) MOTION AND CONVERT SCHEDULING CONFERENCE
INTO A STATUS CONFERENCE**

---

**I.   INTRODUCTION**

Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags ("Defendant" or "Grove Bags") has filed a Rule 12(b)(1) motion to dismiss (Doc. # 22) based on the first-to-file rule. Due to the fact that Defendant's Motion to Dismiss is dispositive, Defendant has also filed a Motion to Stay (Doc. #23).

The Motion to Dismiss is fully-briefed and it verifies that Defendant filed in Ohio prior to the filing in Colorado by Plaintiffs Michael Ryan Tatum ("Tatum") Calyx Containers, LLC ("Calyx"), Chaz Hermanowski ("Hermanowski"), and Jacob Torrison ("Torrison") (collectively, "Plaintiffs"). The first Ohio lawsuit was not filed until more than a year after Tatum left his employment with Defendant, but Plaintiffs do not explain why Plaintiffs delayed the filing of this

lawsuit until more than six months after the filing of Plaintiff's first Ohio lawsuit. The Opposition also does not challenge the fact that Tatum signed five contracts with Ohio law controlling and the many Ohio connections between Defendant and Defendant's former employment of Tatum, Hermanowski, and Torrison.

The Opposition to the Motion to Stay (Doc. #31) relies almost exclusively on Colorado statutory law. However, due to the merits of Defendant's motion to dismiss and the currently pending Ohio lawsuits, all five factors in *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 U.S. Dist. LEXIS 170090, at *2-3 (D. Colo. Dec. 9, 2014), have been met and discovery in this matter should be stayed until the Court rules on the Rule 12(b)(1) motion.

## II.    RELEVANT FACTS

The Motion to Stay was filed contemporaneously with Defendant's Rule 12(b)(1) Motion to Dismiss (Doc. # 22). The Motion to Dismiss includes the Declaration of Daniel Jaffe in support of its motion because a party is permitted to go beyond the pleadings in a Rule 12(b)(1) motion. *Holt v. US*, 46 F.3d 1000, 10031002 (10th Cir. 1995).

Exhibit 2 to Jaffe's Declaration is the docket in Kinzie Advanced Polymers, LLC v. Calyx Containers, LLC, et al., Case No. 1:24-cv-01887-SO (the "First Ohio Lawsuit"). (Dec. Jaffe at Ex. 2). This lawsuit confirms that Tatum began to discuss employment with Calyx in October 2023. (Doc. #1 at ¶26). The Parties entered into a consulting contract in September 2024. (Doc. #1 at ¶32). The First Ohio Lawsuit was filed on October 29, 2024. (Dec. Jaffe at Ex. 2). The Opposition does not explain why Plaintiffs did not initiate this lawsuit in the months from October 2023 through October 29, 2024. (Opposition).

As conceded by Plaintiffs, Tatum and Calyx have filed Rule 12(b)(1) motions to dismiss in the First Ohio Lawsuit. (Dec. Jaffe at Ex. 2). The Opposition concedes that a motion to stay was filed in the First Ohio Lawsuit. (Opposition at 4). Plaintiffs simply advise this Court that the "motion was denied." (Opposition at 4). To the contrary, Tatum and Calyx both filed motions to stay following the motions to dismiss that were granted. (Dec. Jaffe at Ex. 2). Tatum's stay was revoked, however, after Tatum proceeded with informal discovery through the Colorado statute that the court in the First Ohio Lawsuit deemed inconsistent with Tatum's request for a stay. (Dec. Jaffe at Ex. 2).

### III.    ARGUMENT

The Parties agree that the Motion to Stay is reviewed under five factors: (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of the persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 U.S. Dist. LEXIS 170090, at *2-3 (D. Colo. Dec. 9, 2014). All five factors support granting of Plaintiff's Motion to Stay.

#### A.    **Colorado Statutory Law Does Not Take Prcedence Over Choice of Law Rules.**

As to the first factor, the Opposition argues, without authority, that the Motion violates "Colorado's express statutory mandate that such claims be adjudicated in Colorado." (Opposition at 3). Plaintiffs' position is contrary to established law due to Plaintiffs' failure to challenge Grove Bags' Ohio connections or the many Ohio connections that Tatum, Hermanowski, and Torrison had during their Grove Bags' employment.

The Sixth Circuit Court of Appeals, in *Down-Lite International, Inc. v. Altbaier*, 821 Fed.

- 3 -

Appx. 553, 556 (6th Cir. July 28, 2020), applied Ohio law in the face of California's public policy when a former employee signed an Ohio choice of law provision with an Ohio-based employer. *Id.* at 556 ("Thus, on these facts, we will not allow California's public policy to trump the parties' clear and unambiguous agreement to apply Ohio law").

It is undisputed that Plaintiff is an Ohio limited liability company with its headquarters located in Ohio. Plaintiff's only warehouse is located in Ohio. Finally, the vast majority of Plaintiff's employees are based in Ohio, including its Chief Executive Officer, Chief Financial Officer, human resources official, and the vast majority of Plaintiff's leadership team. Due to Plaintiff's Ohio connections, all of its employment and contractor agreements include provisions that select Ohio for the jurisdiction of any lawsuit and Ohio as the choice of law.

Tatum signed five agreements with Plaintiff that include the Ohio choice of law. During his employment with Plaintiff, Tatum reported to two Ohio based managers. Tatum further admitted that he managed, evaluated, and trained many Ohio employees. At the time of his discharge, Tatum managed between four and six Ohio employees. Tatum further admitted that he traveled to Ohio regularly as part of his employment duties. Finally, Tatum admitted that he partook in weekly leadership meetings with Defendant's executive team.

Plaintiffs did not rebut or challenge any of these facts. Rather, Tatum simply argues that Colorado has a strong public policy. However, in *Viking Group, Inc. v. Grasser*, Case No. 1:22-cv-933, 2023 WL 4824454 (W.D. Mich. January 19, 2023), the District Court rejected an argument similar to Tatum's and applied Michigan law. *Id.* at *4 ("Even if enforcement of the restrictions in the Agreement contravened Colorado's fundamental public policy, Colorado does not have a materially greater interest than Michigan. Therefore, the Court concludes the analysis under

Section 187(2) still leads towards application of Michigan law").[1] Accordingly, Plaintiff's reliance on Colorado is misplaced and contrary to the undisputed facts presented to this Court.

### B. There is Great Burden on Defendants if The Stay is not Granted.

As set forth above, Defendant filed the First Ohio Lawsuit months before Tatum and Calyx initiated this lawsuit. As of today, discovery is open in the First Ohio Lawsuit and Tatum and Calyx are represented by counsel in the First Ohio Lawsuit. (Dec. Jaffe at Ex. 2). Plaintiffs concede that the Ohio and Colorado lawsuits "are centered around the enforceability of Plaintiff Tatum, Plaintiff Hermanowski, and Plaintiff Torrison's covenants not to compete." (Opposition at 3).

Plaintiffs have every right to conduct discovery in the First Ohio Lawsuit. Plaintiffs do not explain why discovery in the First Ohio Lawsuit is somehow insufficient to Plaintiffs' claims and defenses. Accordingly, there is no prejudice to Plaintiffs if the motion to stay is granted. In contrast, Defendant is an Ohio based company and it would be prejudiced if it has to conduct discovery in two lawsuits that would greatly increase costs as to attorney fees and travel. There would also likely be duplicative discovery in violation of Rule 26(b)(2)(C)(i). Therefore, the second factor clearly supports the granting of the motion of the stay.

### C. The Final Three Factors Support the Granting of the Motion to Stay.

The final three factors -- the convenience to the court, the interests of the persons not parties to the civil litigation, and the public interest – also support the granting of the Motion to Stay. As with the other factors, Plaintiffs simply argue that "Colorado has long maintained a strong public interest in shielding its residents from the burdens of restrictive covenants that contravene state

---

[1] Michigan applies the same conflict of law restatement as Ohio. *Id.* at ^3; *Down-Lite,* 821 Fed. Appx. At 554.

- 5 -

law." (Opposition at 6).

As set forth above, courts outside of Colorado have applied choice of law rules to apply state law other than Colorado to employees who reside in Colorado. *Down-Lite International, Inc.*, 821 Fed. Appx. at 556. In addition, the First Ohio Lawsuit was filed long before this lawsuit and Plaintiffs do not dispute Defendant's Ohio connections, the plain terms of the contracts at issue, or the employment histories of Tatum, Hermanowski, and Torrison. The Ohio matter has already had an evidentiary hearing and is much more mature and nearing resolution. Accordingly, this Court should respect the United States District Court of Ohio and permit the District Court Judge to rule on the pending motions to dismiss and the motion for a preliminary injunction.

### III.   ARGUMENT

Staying litigation pending decision on the Motion will allow for efficient resolution of key issues and will reduce the burden on the parties and the Court, so Defendant respectfully requests that this Court stay the instant litigation until the Motion is decided. Given discovery has proceeded in the Ohio matter, there is no fear of loss of memory, depletion of evidence, or any other concerns typically addressed in a motion to stay.

WHEREFORE, Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags respectfully requests this Court to stay this litigation pending decision on the Motion and convert the July 29, 2025 Scheduling Conference into a Status Conference.

Dated this 18th day of August, 2025.

                                               **GORDON REES**
                                              **SCULLY MANSUKHANI, LLP**

                                              */s/ Brittney T. Bulawa*
                                              Andrew K. Lavin, Esq.
                                              Brittney T. Bulawa, Esq.

555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
bbulawa@grsm.com

*Attorneys for Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags*

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true copy of the above and foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY LITIGATION PENDING DECISION ON DEFENDANT'S RULE 12(b)(1) MOTION AND CONVERT SCHEDULING CONFERENCE INTO A STATUS CONFERENCE** was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 18th day of August, 2025.

Jessamyn L. Jones
Grant T. Shibao
2000 S. Colorado Blvd, Tower 1
Suite 10000
Denver, Colorado 80222
Jjones@3ilawfirm.com
gshibao@3ilawfirm.com

*Attorneys for Plaintiffs*

       */s/ Monica L. Vela*
       Gordon Rees Scully Mansukhani, LLP